IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KATHY ANN FARMER                                              PLAINTIFF

v.                  CIVIL NO. 12-5080

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kathy Ann Farmer, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current application for SSI on October 8, 2008, alleging an inability to work due to back problems, mental problems, bipolar disorder, and anxiety. (Tr. 94, 120). An administrative hearing was held on January 6, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 26-40).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated April 22, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: an affective disorder, post-traumatic stress disorder (PTSD), an anxiety disorder, and a substance abuse disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: She is limited to work where interpersonal contact is incidental to the work performed, and the complexity of tasks is learned and performed by rote, with few variables and little judgment required. Additionally, supervision must be simple, direct, and concrete.

(Tr. 21). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a maid/house cleaner, and a packer. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted, denied that request on March 9, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

-2-

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

### III. Discussion:

Plaintiff argues the following issues in this appeal: 1) the ALJ erred in determining Plaintiff did not have a severe physical impairment; 2) the ALJ erred by affording greater weight to non-examining physicians rather than examining physicians without further elaboration; and 3) the ALJ erred in rejecting Plaintiff's subjective complaints.

#### A.     Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C.F.R. § 404.1520(c). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant,

however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

While the ALJ found that Plaintiff's alleged back impairment was non-severe, the ALJ clearly considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

In finding that Plaintiff's alleged back impairment was non-severe, the ALJ noted that the medical evidence failed to show that Plaintiff sought ongoing and consistent treatment for back pain. The ALJ also noted that in January of 2009, Plaintiff underwent a general physical examination and was found to have full range of motion in her joints and extremities. (Tr. 224-227). The ALJ noted that the consultative examiner opined that objectively Plaintiff had only mild limitations. Thus, the ALJ's finding that Plaintiff's alleged back pain was not a "severe" impairment does not constitute reversible error.

**B.     RFC Assessment and Treating and Examining Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical

AO72A
(Rev. 8/82)

records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir.2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2)).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. The Court notes that in determining Plaintiff's RFC, the ALJ specifically discussed Plaintiff's subjective complaints, and her medical records when he determined

AO72A
(Rev. 8/82)

Plaintiff's RFC. The ALJ also discussed the medical opinions of examining and non-examining medical professionals, including Dr. William McGowan, Dr. Brian Mooney, and Dr. Cara R. Hartfield, as well as the "other source" medical opinion of Ms. Kathleen Housley, and set forth the reasons for the weight given to the opinions. With regard to Plaintiff's mental impairments, the ALJ noted that Dr. Hartfield opined after her one-time evaluation in December of 2008, that Plaintiff had marked limitations with attention, concentration and persistence. (Tr. 190-200). However, the ALJ gave more weight to the 2008-2009 treatment notes of Dr. Mooney, one of Plaintiff's treating physicians, who noted that Plaintiff's memory, attention, concentration and fund of knowledge were normal. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted). The ALJ also addressed the findings of the non-examining medical consultants. Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### C. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a

whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that in November of 2008, Plaintiff reported that she was able to help care for her children; do household chores; drive; prepare simple meals; and shop for groceries. (Tr. 136-143). The record further revealed that Plaintiff would do some house cleaning for others and sell aluminum cans to make a little money. (Tr. 241).

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings.

   D.   **Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion

that Plaintiff's impairments did not preclude her from performing work as a maid/house cleaner, and a packer. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.     Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 24th day of June, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE